# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## LASHLEY v. COMMONWEALTH.

### November 12th, 1891.

CRIMINAL PROCEEDINGS—*Murder*—*Verdict*—*Case at bar.*—The evidence in the record;

HELD:

To warrant the verdict of guilty of murder in the first degree.

Error to judgment of corporation court of city of Danville, rendered June 12th, 1891, whereby the plaintiff in error, Margaret Lashley, was sentenced to be hanged, in accordance with the verdict of the jury, at the trial of an indictment of herself, jointly with one James Lyles, for the murder of her husband, George Lashley. Opinion states the case.

*John D. Blackwell* and *J. T. Smith,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

The only question in this case not disposed of by what was said in the Lyles case (just decided) is as to the overruling by the lower court of the motion for a new trial.

The evidence is substantially the same as that in the Lyles case, with this important addition—that the witness, Mollie Wright, testified that as she was returning from the dance, about 3 o'clock in the morning, soon after the prisoner and Lyles had

left, she met the prisoner on the street, who said she was going for a doctor; that George Lashley (the deceased) had shot himself; that (she witness) accompanied the prisoner to the house of the deceased, where his dead body lay on the floor, and that soon after arriving there the prisoner asked her to go with her for a policeman. To this the witness assented, and as they were on their way, she says, they met Lyles, who inquired: "Is the d—d son of a b— dead?" To which the prisoner replied: "Yes, and gone to hell." Continuing on their way, the prisoner remarked that Lyles had killed her husband, and that she had gotten him to do it; that she loved him better than her husband, who had been "as mean as hell" to her.

The jury returned a verdict of guilty, upon which the prisoner was sentenced to be hanged. We think the evidence warranted the verdict. At all events, there is nothing in the record to justify this court in setting it aside, and awarding a new trial.

JUDGMENT AFFIRMED.